IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. METROPOLITAN FAIR HOUSING COUNCIL OF OKLAHOMA, INC., <br> 2. JAMES MCNAMEE, AND <br> 3. MARTA MCNAMEE, <br>       PLAINTIFFS <br><br> v. <br><br> 1. FRANK FEIOCK AND <br> 2. GLENNA FEIOCK, doing business as ROCKFORD GARDENS APARTMENTS, <br>       DEFENDANTS | Case No: 23-CV-115-GLJ <br><br> JURY TRIAL REQUESTED |

# COMPLAINT

## I.   INTRODUCTION

1. In this action, the plaintiffs seek monetary, declaratory and injunctive relief against Defendants for discriminating against persons with disabilities, and for retaliation, in the operation of the apartment building known as Rockford Gardens, located at 401 Willow Ridge Court, Ardmore, Oklahoma 73401, in violation of the federal Fair Housing Act, 42 U.S.C. § 3601, et seq. and related state laws.

## II.   JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 42 U.S.C. § 3601, et seq. in that the claims alleged herein arise under the federal Fair Housing Act.

1

This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine the plaintiffs' state law claims because those claims are related to plaintiffs' federal law claim and arise out of a common nucleus of related facts, forming part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper under 28 U.S.C. § 1391 in that the claims alleged herein arose in Carter County, within the Eastern District of Oklahoma.

### III.  PARTIES

4. Plaintiffs James and Marta McNamee ("Plaintiffs McNamee", where not identified by first name) are a married couple who both qualify as individuals with disabilities under the Fair Housing Act, 42 U.S.C. § 3602, and 25 Okla. St. § 1452. James McNamee is a veteran whose disabilities include but are not limited to arterial disease, vasculitis of the heart, lung disorder, and stage four kidney disease. Additionally, he is an amputee. Mrs. McNamee also has multiple disabilities, as she is completely deaf in her left ear – with a cochlear implant. Marta McNamee is partially deaf in her right ear and has a speech impediment due to her limited hearing ability.

5. Plaintiff Metropolitan Fair Housing Council of Oklahoma, Inc. (hereinafter "Fair Housing Council") is a nonprofit corporation organized under the laws of the State of Oklahoma with its principal place of business located at 312 Northeast 28th Street, Suite 112, in Oklahoma City, Oklahoma 73105. The Fair Housing Council's mission is to

encourage equal access to housing opportunities throughout Oklahoma for all people without regard to age, race, color, sex, religion, national origin, familial status or disability. Pursuant to that mission, the Fair Housing Council seeks the elimination of all forms of illegal housing discrimination, including discrimination against individuals with disabilities. To advance that goal and promote its mission, the Fair Housing Council (1) investigates allegations of discrimination or harassment, (2) counsels victims of discrimination about their fair housing rights, (3) takes steps to counteract the effects of discrimination or harassment, and (4) provides education and outreach to the community regarding fair housing.

6. Defendants Frank and Glenna Feiock are the owners and operators of Rockford Garden Apartments located at 401 Willow Ridge Court, Ardmore, Oklahoma 73401. At all relevant times, Mr. and Mrs. Feiock were responsible for the operation and management of Rockford Gardens Apartments. Upon information and belief, Mr. and Mrs. Feiock also own approximately 21 other rental properties.

7. Rockford Gardens Apartments is comprised of units available for rent to the general public. Each of the units available for rent at Rockford Gardens Apartments qualifies as a dwelling within the meaning of the Fair Housing Act, 42 U.S.C. §3602(b), and 25 Okla. St. § 1452.

//

//

## IV. FACTUAL ALLEGATIONS

### A. JAMES AND MARTA MCNAMEE LEASE A UNIT AT ROCKFORD GARDENS.

8. Plaintiffs James and Marta McNamee moved into 401 Willow Ridge Court, Apartment D3, in Ardmore, Oklahoma 73401 in early October of 2020, pursuant to a six-month residential lease agreement between the parties.

9. At the outset of their tenancy, Plaintiffs McNamee informed Defendants and/or their agents that the plaintiffs were individuals with disabilities, inclusive of mobility impairments.

10. Upon taking possession of the apartment unit, Plaintiffs McNamee immediately observed, and placed Defendant on notice of, a multitude of health and safety repair issues including a complete lack of hot water and heat in the unit. As Plaintiff James McNamee cannot be exposed to excessively low temperatures due to his ailments, the individual Plaintiffs were unable to bathe, and the freezing conditions in the home caused injury to Plaintiffs as their disabilities were exacerbated.

11. Throughout their tenancy, Plaintiffs McNamee continued to suffer, as Defendants refused to promptly address their work orders and maintenance requests. When Plaintiff Marta McNamee called to report issues within her apartment unit, she was often met with ridicule of her speech impediment by Defendants' agents, rather than corrective action to address said maintenance requests.

12. Despite the unsafe conditions of the apartment unit, the individual Plaintiffs continued to reside in their apartment, as they knew it would be very difficult for Plaintiff James McNamee to relocate due to his declining health.

### B. THE PLAINTIFFS LODGE TWO (2) REQUESTS FOR REASONABLE ACCOMMODATION PURSUANT TO 42 U.S.C. §3604.

13. Less than 30 days prior to the end of the McNamees' lease term, on March 12, 2021, Defendants issued a written notice to the McNamees, expressing Defendants' intent to terminate the Plaintiffs' lease agreement, containing various dates.

14. Shortly after receiving the notice, on or around March 15, 2021, Plaintiffs McNamee contacted Plaintiff Fair Housing Council and advised the Fair Housing Council's Enforcement Director that the McNamees were being asked to move from their residence.

15. During the call, the McNamees expressed that they were severely concerned about James McNamee's ability to relocate, as he suffered from more than one end stage terminal ailment and may not be able to endure a move.

16. After conducting a staff meeting regarding the complaint, it was determined that the Fair Housing Council should attempt to obtain a reasonable accommodation on the McNamees' behalf through its then Staff Attorney and Legal Program Director, Ge'Andra Johnson.

17. As such, on May 24, 2021, Ms. Johnson made telephonic contact with Kellie White, Manager of Rockford Gardens to verbally lodge a request for reasonable accommodation on behalf of the Plaintiffs McNamee in the form of a request for a renewal of the McNamees lease.

18. During the call, Kellie White informed Fair Housing Council Staff Attorney Johnson that White was not authorized to extend the time that the McNamees would be allowed to remain in their apartment, and that the McNamees were on what she perceived to be a leisure trip to Nebraska.

19. Upon disconnecting the call, the Fair Housing Council followed up with Plaintiff Marta McNamee, and learned that the Mr. and Mrs. McNamee's trip to Nebraska was for James McNamee's medical treatment, and not for leisure.

20. Thus, on the afternoon of March 24, 2021, the Fair Housing Council issued and transmitted to Defendants, a formal written Request for Reasonable Accommodation on behalf of the McNamees, requesting a one-year renewal of the McNamees' lease due to Mr. McNamee's critical illness.

C. **FRANK AND GLENNA FEIOCK DENY THE PLAINTIFFS' REQUESTS FOR REASONABLE ACCOMMODATION; AND RETALIATE AGAINST ALL PLAINTIFFS.**

21. On March 25, 2021, Defendant Frank Feiock responded to the McNamees' initial verbal request for accommodation by sending an email to Defendant Fair Housing

6

Council containing disparaging comments and remarks about the McNamees and urging the Fair Housing Council to withdraw its Request for Reasonable Accommodation. In the correspondence, Feiock accused the McNamees of lying about Plaintiff James McNamee's disabilities, noting the fact that Mr. McNamee was able to walk around his apartment in support of the accusation that there was no disability.

22. Understanding that their Request for Reasonable Accommodation would not be granted, Plaintiffs James and Marta McNamee vacated the unit at Rockford Gardens on or about April 1, 2021.

23. Upon vacating the unit, the Plaintiffs McNamee were forced to reside in their car for an extended period of time, as they attempted to make it cross country to the safety of one of their children's homes in Nebraska.

24. Subsequently, Defendants Frank and Glenna Feiock issued a document titled, "Report on Metropolitan Fair Housing Council Letter Dated March 25, 2021." The document was accompanied by a cover letter dated April 2021. In said "report," Defendants questioned the competency of Fair Housing Council staff, lodging their enumerated complaints against Metropolitan Fair Housing Council and against Ge'Andra Johnson for sending the request for accommodation on behalf of the McNamees.

25. In the "report" Defendants admitted to photographing the McNamees as they attempted to move their belongings, and to physically confronting Plaintiff James

McNamee to inquire about his cancer. Defendants also expressed doubt in their "report" that Mr. McNamee was indeed suffering from such illness.

26. Throughout the month of April 2021, the Feiocks engaged in harassing conduct against Plaintiff Fair Housing Council and its employees, the first instance of which included transmitting their "report" to the United States Department of Housing and Urban Development.

27. Further, on April 14, 2021, Defendants caused an email to be transmitted to the Fair Housing Council using the pseudonym, "Jack Cory," wherein Defendants asserted that they had been "discriminated against by Ge'Andra D. Johnson, Legal Program Director" because Johnson had sent a "threatening letter" (referring to the McNamee's request for reasonable accommodation).

28. On or around April 16, 2021, Frank and Glenna Feiock sent an email to Staff Attorney Johnson's private law firm email address, posing as potential personal injury clients, alleging that Defendants had suffered personal injury as a result of receiving Plaintiffs' request for reasonable accommodation, and asking whether Defendants should sue Johnson for said alleged injury.

29. On or about April 17, 2021, Defendants somehow obtained Staff Attorney Johnson's personal email address, and made contact with Johnson again for the purpose of harassment.

30.     In April 2021, Defendants also contacted the Oklahoma Bar Association, lodging a formal grievance against Johnson for fraud and/or misrepresentation for generating the Request for Reasonable Accommodation on behalf of the McNamees.

## V.    INJURIES

31.     By reason of Defendants' unlawful acts or practices, the individual plaintiffs have suffered emotional distress, including humiliation, mental anguish, and attendant bodily injury, violation of their civil rights, loss of dignity, embarrassment, and have otherwise sustained injury. Accordingly, Plaintiffs James and Marta McNamee are entitled to compensatory damages and statutory damages.

32.     By reason of Defendants' unlawful acts and practices, Plaintiff Fair Housing Council has diverted resources: (1) to investigate, evaluate, and determine the extent to which defendants engage in unlawful discrimination in the operation of rental housing; (2) to educate residents about their fair housing rights; and (3) to prevent continued acts of unlawful discrimination.  Defendants' unlawful acts and practices have caused Plaintiff Fair Housing Council to divert resources from other programs and projects.

33.     Defendants' unlawful acts and practices also have injured Plaintiff Fair Housing Council by frustrating its mission to encourage equal access to housing opportunities throughout Oklahoma for all people. Defendants' unlawful acts and practices have caused Plaintiff Fair Housing Council to suffer economic losses, damage

9

to its reputation, and out-of-pocket expenditures in its efforts to counteract the effects of unlawful discrimination based on disability in the state of Oklahoma and to provide outreach and education regarding the rights and obligations of the fair housing laws.

34. In doing the acts of which Plaintiffs complain, Defendants acted with oppression, fraud and malice, and with wanton and conscious or reckless disregard of the federally protected rights of Plaintiffs. Accordingly, Plaintiffs are entitled to punitive damages.

35. There now exists an actual controversy between the parties regarding Defendants' duties under the federal and state fair housing laws. Accordingly, Plaintiffs are entitled to declaratory relief.

36. Unless enjoined, Defendants will continue to engage in the unlawful acts and the pattern or practice of discrimination described above. Plaintiffs have no adequate remedy at law. Plaintiffs are now suffering, and will continue to suffer, irreparable injury from Defendants' acts and pattern or practice of discrimination against individuals with disabilities unless relief is provided by this Court. Accordingly, Plaintiffs are entitled to injunctive relief.

## VI.  CLAIMS

### A.  FIRST CLAIM
**[Federal Fair Housing Act]**

37. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

38. Defendants injured Plaintiffs by committing discriminatory housing practices in violation of the federal Fair Housing Act, 42 U.S.C. § 3601, et seq.

### B.  SECOND CLAIM
### [Oklahoma Fair Housing Law]

39. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

40. Defendants injured plaintiffs by committing unlawful housing practices in violation of the Oklahoma Anti-Discrimination Act, 25 O.S. §1452.

### C.  THIRD CLAIM
### [Negligence]

41. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

42. Defendant injured Plaintiffs by want of ordinary care or skill in the management of their property, person, or agents.

## VII.  RELIEF

Wherefore, Plaintiffs pray for entry of a judgment against the Defendants that:

1. Awards compensatory and punitive damages according to proof;

2. Declares that Defendants have violated the provisions of the applicable federal and state fair housing laws;

3. Enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring Defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with Defendants, to take

11

affirmative action to provide equal opportunities to persons regardless of their familial status;

4.   Awards statutory damages to each of the Plaintiffs against each Defendant pursuant to the applicable laws;

5.   Awards costs of this action, including reasonable attorneys' fees; and,

6.   Awards all such other relief as the Court deems just.

Respectfully submitted,

/s/April J. Moaning

April J. Moaning, OBA #31650
Metropolitan Fair Housing Council of Oklahoma, Inc.
312 NE 28th Street, Suite 112
Oklahoma City, Oklahoma 73105
P: 405-232-3247
F: 405-232-5119
E: amoaning@metrofairhousing.org

And

Ge'Andra D. Johnson, OBA #32810
Johnson Legal, P.L.L.C.
4101 Perimeter Center Drive, Suite 110
Oklahoma City, Oklahoma 73112
P: 405-702-7228
F: 405-702-6898
E: gjohnson@johnsonlegalok.com
**ATTORNEYS FOR PLAINTIFFS**