IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| METROPOLITAL FAIR HOUSING COUNCIL OF OKLAHOMA, INC., JAMES MCNAMEE, and MARTA MCNAMEE, <br><br> Plaintiffs, <br><br> v. <br><br> FRANK FEIOCK AND GLENNA FEIOCK, both d/b/a Rockford Garden Apartments, <br><br> Defendants. | Case No. CIV-23-115-GLJ |

## ORDER

This matter is before the Court on Defendants' Motion to Enforce Court Order. For the reasons set forth below, the Court finds that Defendants' Motion to Enforce Court Order [Docket No. 99] is GRANTED.

### Background

Plaintiffs Metropolitan Fair Housing Council of Oklahoma, Inc. ("MFHCO"), James McNamee, and Marta McNamee sued Defendants Frank and Glenna Feiock, doing business as Rockford Garden Apartments, alleging claims under the Federal Fair Housing Act ("FHA"), 42 U.S.C. § 3601 and Oklahoma's Fair Housing Law, 25 Okla. Stat. § 1451 *et seq.*, as well as an Oklahoma state-law negligence claim. *See* Docket No. 2. Plaintiffs' Complaint allegations focused on the landlord/tenant relationship between Plaintiffs James and Marta McNamee and Defendants Frank and Glenna Feiock.

1

On April 8, 2024, Defendants' motion for partial summary judgment was granted and the failure to accommodate claims were dismissed. *See* Docket No. 52. On August 7, 2024, the Court granted Defendants' second summary judgement motion as to all remaining claims and entered Judgment for Defendants and against Plaintiffs. *See* Docket Nos. 82 & 83.

On November 4, 2024, the Court granted in part and denied in part Defendants' Motion for the Recovery of Legal Fees and Brief in Support and entered an order in favor of Defendants for their attorney's fees in the amount of $6,055.50. *See* Docket No. 85. Subsequently, on May 2, 2025, the Court Clerk entered an Order Taxing Costs in favor of Defendants in the amount of $2,151.65. *See* Docket No. 98. Defendants now seek an order directing Plaintiffs to pay by a date certain the award of fees and costs as well as accrued post-judgement interest. *See* Docket No. 99.

**Analysis**

Defendants assert that due to various funding issues incurred by MFHCO they have withheld efforts to collect the attorney's fee and costs award they obtained in this case. *See* Docket No. 90. Defendants further assert, however, that Plaintiffs have ceased discussion regarding payment of these sums and they now seek an order directing them to pay the moneys owed by a date certain. *Id*.

Plaintiffs do not dispute that they owe Defendants the awarded attorney's fees and costs. Instead, Plaintiffs note that Plaintiffs James and Marta McNamee's representation agreement provides that they are to be represented in this action at no cost to them and, therefore, it is the understanding of Plaintiffs that the fees and costs are to be paid by

2

MFHCO. *See* Docket No. 100. MFHCO further states that it is attempting to identify alternative sources of funding to pay the award and continues to attempt to work out payment arrangements with Defendants. *Id*.

First, the Order awarding attorney's fees and the Order Taxing Costs does not delineate between the various Plaintiffs but is joint as to all Plaintiffs. Thus, any responsibility among them for paying the fees and costs awards is a matter left to the Plaintiffs and any agreement they may have regarding such matters.

Second, as it relates to the awards for attorney's fees and costs, it is undisputed that such awards were entered and the sums owed have not been paid. Moreover, although Defendants seek post-judgment interest, they do not cite any authority for such interest or the source of the rates used in their calculation. Post-judgment interest is a matter of federal law. *See* 28 U.S.C. § 1961; *Everaard v. Hartford Acc. & Indemn. Co.*, 842 F.2d 1186, 1193 (10th Cir. 1988). The applicable statute provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). The Court therefore grants Defendants' request for post-judgment interest at the applicable rates from the dates of the entry of the Order for attorney's fees and the cost award, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. *Id*. In this case, the Order for attorney's fees was entered on November 4, 2024 and the published interest rate for judgments entered on that date was 4.29%, and the Order Taxing Costs was entered on May 2, 2025 and the published interest rate for judgments entered on that date was 3.97%. *See* http://www.federalreserve.gov/releases/H15/Current.

## CONCLUSION

Accordingly, Defendants' Motion to Enforce Court Order [Docket No. 99] is GRANTED and Plaintiffs are ordered to pay the sum of $6,055.50 in attorney's fees and the sum of $2,151.65 in costs, plus accrued post-judgment interest at the applicable rates, not later than 45 days after entry of this order.

IT IS SO ORDERED this 10th day of March, 2026.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**